1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Christopher Tayback (Bar No. 145532)
2  865 S. Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
3  Telephone: (213) 624-7707
   Telefax: (213) 624-0643
4
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
5  Jeffrey A. Conciatori (Admitted *pro hac vice*)
   Michael B. Carlinsky (Admitted *pro hac vice*)
6  900 Third Avenue, Suite 2500
   New York, New York 10022-4728
7  Telephone: (212) 895-2500
   Telefax: (212) 813-0695
8
   Attorneys for Defendant
9  MP3.Com, Inc.

FILED
CLERK, U.S. DISTRICT COURT
MAR 14 2002
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

Priority ✗
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL STUART NEWMAN, aka RANDY NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MP3.COM, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV-01-04160 CBM (RZx)<br><br>STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER<br><br>Filing Date:<br>Trial Date: None Set<br><br>*and order denying* |

ENTERED ON CMS
MAR 14 2002



Pursuant to Rule 26(c) of the <u>Federal Rules of Civil Procedure</u>, with the parties having consented to the entry of a protective order in this form without further notice, and the Court having found that the discovery of information that one or more parties or non-parties may consider confidential or proprietary has been or may be requested in <u>NEWMAN, et al. v. MP3.COM, INC.</u>, CV 01-04160 CBM (RZx), <u>CHRYSALIS MUSIC PUBLISHING, LLC v MP3.COM, INC.</u>, CV 01-07346 CBM (RZx), and <u>HANSON, et al. v. MP3.COM, INC.</u>, CV 01-07938 CBM (RZx) (the "Actions") and that the disclosure and distribution of such information should be reasonably restricted, the Court finds that good cause exists for the entry of this order.

THEREFORE, IT IS ORDERED that the parties, their representatives, agents, experts, and consultants, and any other interested persons including non-parties from whom information may be sought in discovery shall be entitled to the benefits of and adhere to the following terms regarding documents, data, and other information and tangible things that are produced, made available for inspection, disclosed, or filed in the Actions:

1. Documents and information produced during the course of discovery proceedings in the Actions, regardless of whether or not designated as "Confidential" or "Highly Confidential," shall be used by the parties and counsel therefor solely for the purpose of the Actions, that is, to assert or defend against claims based upon the subject matter of the Actions and not for any other litigation or proceeding, or for any business, commercial, competitive, personal or other purpose. Documents and information produced during the course of discovery in each of the Actions may be used in any of the other Actions. Nothing in this Order grants to non-parties access to the materials produced by others.

2. The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege or as otherwise exempted from discovery under Rule 26.

3.   Parties and non-parties may designate material as "Confidential" or "Highly Confidential" and be entitled to the protections in accordance with this Order.

4.   All material produced by the parties or non-parties (hereinafter the "producing entity") in the course of discovery proceedings in the Actions and designated "Confidential" or "Highly Confidential" shall not be used or disclosed except as expressly permitted hereunder.

5.   A producing entity may designate as "Confidential" any document or other material that is considered to contain non-public proprietary information that is confidential or commercially sensitive in nature, such as confidential strategic business plans or documents related thereto, or non-public communications with third parties relating to possible business arrangements or documents related thereto, the disclosure of which to the public has been purposefully avoided. It is anticipated that a majority of the materials that will be designated as "Confidential" will be those non-public strategic materials or communications with third parties or documents related thereto that have some continuing significance or viability such that disclosure to the public could potentially negatively impact the producing entity's business. "Confidential Information," as used herein, shall refer to any document designated "Confidential," other materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Materials may be designated "Confidential" by stamping or otherwise marking "Confidential" on each page of the document or other material, in a manner that will not interfere with its legibility.

6.   Confidential Information shall not be disclosed or distributed to any person or entity other than the following: (a) the parties and the attorneys for the parties in the Actions (including in-house counsel) and their paralegals, clerical and other assistants who have a clear need therefor in connection with the Actions;

(b) persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with the Actions (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms; (c) stenographers engaged to transcribe depositions conducted in the Actions; (d) the Court and its support personnel; and (e) a witness in the course of his or her deposition or in preparation therefor, provided that the witness has signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that he or she has read this Protective Order and agrees to be bound by its terms.

7. Any producing entity may designate as "Highly Confidential" any material in which the producing entity has a good-faith belief that said information is nonpublic, is proprietary or personal to the designating producing entity (or to a person to whom or which the producing entity owes a duty of confidentiality), has substantial competitive value in part because it is not known to competitors, has been the subject of reasonable efforts to maintain its secrecy, and is of such a nature that the designating producing entity (or the person to whom or which the producing entity owes a duty of confidentiality) would likely suffer competitive harm or disadvantage if the information were used by or disclosed to any Party. It is anticipated that the majority of materials that will be designated as "Highly Confidential" herein will be recent and continuing non-public strategic business plans or documents related thereto and the most sensitive and confidential communications about or with third parties relating to potential future business arrangements or documents related thereto. In addition, "Highly Confidential" materials may relate to non-public, recent and continuing pricing strategies, methodologies, licensing and royalty rates. In order to constitute "Highly Confidential" materials, the producing entity must have a good faith belief that disclosure of this information to a competitor would negatively affect or

compromise its business and strategic planning. "Highly Confidential Information" as used herein, shall refer to any document designated "Highly Confidential," other materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Materials may be designated "Highly Confidential" by stamping or otherwise marking "Highly Confidential" on each page of the document or other material, in a manner that will not interfere with its legibility.

8. Highly Confidential Information shall not be disclosed or distributed to any person or entity other than the following: (a) outside or inside counsel for the parties in the Actions and their paralegals, clerical and other assistants who have a clear need therefor in connection with the Actions; (b) persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with the Actions (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms; (c) stenographers engaged to transcribe depositions conducted in the Actions; and (d) the Court and its support personnel.

9. Confidential and/or Highly Confidential Information produced by third-parties voluntarily or in response to discovery requests, can be deemed protected as either Confidential or Highly Confidential under the terms of this Stipulation. In the event a party's Confidential and/or Highly Confidential Information is produced by any third-party, each party has all the rights under this Stipulation to protect that Information as if produced by the party itself.

10. Before disclosing or providing copies of any Confidential or Highly Confidential Information to any expert or consultant, the parties agree that the person or party making such disclosure shall first obtain the agreement of the expert or consultant to whom such disclosure will be made to be bound by the terms of this Stipulation and Order as set forth in the attached "Declaration," a

copy of which the expert or consultant shall sign. The person or party making the disclosure shall retain each Declaration so signed and shall produce such Declarations to the designating party prior to such expert or consultant being permitted to testify at deposition or trial, or no later than ten (10) days after the final resolution of the Actions (whether by settlement, judgment, or otherwise), whichever comes first.

11. During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information or Highly Confidential Information, or that an answer has disclosed Confidential Information or Highly Confidential Information. Such Confidential Information or Highly Confidential Information may be so designated either: (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter; or (b) by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party. If the designation is made during a deposition, either counsel may request all persons, except persons entitled to receive Confidential Information or Highly Confidential Information pursuant to this Protective Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.

12. Persons described in paragraphs 6 and 8 above shall be restricted to using Confidential Information and Highly Confidential Information only for purposes directly related to The Actions and not for any other litigation or

proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

13. All Confidential Information and Highly Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information or Highly Confidential Information, shall be filed under seal and kept under seal until removal by the party submitting them. The parties agree that they will use their best efforts to disclose or include Confidential Information and Highly Confidential Information in documents submitted to the Court only when necessary, and agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal. To facilitate compliance with this Protective Order by the Clerk's office, material filed under the designation "Confidential" or "Highly Confidential" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise inventory of its contents for docketing purposes that does not disclose the Confidential Information or Highly Confidential Information and shall state thereon that it is filed under the terms of this Protective Order.

15. In the event that the requesting party disagrees with the designation by the producing entity of any document or materials as "Confidential," or "Highly Confidential" the requesting party's counsel shall advise counsel for the producing party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within five (5) business days of receiving this written objection, the producing entity shall advise whether the "Confidential" or "Highly Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise, with the burden of proving the confidential or highly confidential nature of the document being on the designating party. During

the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information or Highly Confidential Information, subject to the provisions of this Protective Order.

16. If a party intends to offer into evidence any Confidential Information or Highly Confidential Information during trial or in connection with any hearing or other proceeding, excluding depositions, counsel for the producing entity asserting confidentiality must be so informed in writing not less than four (4) days in advance of the party offering such Confidential Information or Highly Confidential Information into evidence. As long as such notification is provided, any Confidential Information or Highly Confidential Information may be offered into evidence in open court unless the party that designated the material as confidential obtains a protective order or a ruling from the Court providing otherwise.

17. Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged, Confidential Information or Highly Confidential Information. A producing entity may notify the requesting party that documents or materials that should have been withheld as privileged or designated as "Confidential" or "Highly Confidential" were inadvertently produced or produced without the appropriate designation. Upon receiving such notice, the requesting party shall (a) immediately treat the document as if it had been so designated; (b) place the appropriate designation on the document within two working days of receipt of such notice; and (c) with respect to allegedly privileged documents, return all copies thereof unless there is a good faith basis upon which to challenge the invocation of privilege, in which case the receiving party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review or other means designed to preserve the privilege pending a ruling, the Court to determine whether a privilege properly attaches to the document. The inadvertent production of any privileged,

1  Confidential Information or Highly Confidential Information shall be without
2  prejudice to any claim that such material is privileged or protected from
3  disclosure, and the producing entity shall not be held to have waived any rights by
4  such inadvertent production.

5      18.   Upon conclusion of the litigation, a party in the possession of
6  "Confidential" or "Highly Confidential" Materials, other than that which is
7  contained in pleadings, correspondence, and deposition transcripts, shall either
8  (a) return such documents no later than thirty (30) days after conclusion of the
9  Actions to counsel for the party or non-party who provided such information, or
10 (b) destroy such documents within the time period and certify in writing within
11 thirty (30) days that the documents have been destroyed.

12     19.   Nothing contained herein shall preclude the producing entity from
13 using his, her or its own confidential information, documents or materials in any
14 manner he, she or it sees fit, or from revealing such confidential information,
15 documents or materials to whomever he, she or it chooses, without the prior
16 consent of any other party or the Court.

17     20.   Notwithstanding anything to the contrary that may be set forth
18 herein, each producing entity shall have the right to object to any discovery
19 or to apply to the Court at any time for an order granting other or additional
20 protective relief with respect to any confidential, proprietary or privileged
21 material. This order shall not be construed to require any producing
22 entity to produce any documents or information that is not
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1. otherwise relevant, material, non-privileged and the appropriate subject of discovery in the Actions.

21. If either party or its counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of the other party's Confidential Information or Highly Confidential Information, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for the other party, identifying the materials sought, and enclosing a copy of the subpoena or other process. In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had an opportunity to quash such subpoena.

22. The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information and Highly Confidential Information produced hereunder, absent written permission or further Order of the Court, shall survive and continue to be binding after the conclusion of the Actions. This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

Dated: 3/7/02

Respectfully submitted,

GRADSTEIN, LUSKIN & VAN DALSEM
A Professional Corporation

Bruce E. Van Dalsem
Attorneys for Plaintiff

DOCSLA1:406346.1

1  Dated: *March 11, 2002*

                                  QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES, LLP

                                  _/s/ Christopher Tayback_
                                  Christopher Tayback
                                  Attorneys for Defendant

~~SO ORDERED.~~

Denied. No showing of good cause. F.R.Civ.P. 26(c).

Dated: 3/13/02

                                  _/s/ Ralph Zarefsky_
                                  United States ~~District Court~~ Judge
                                  Magistrate

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RANDALL STUART NEWMAN, aka RANDY NEWMAN, individually and doing business as Six Pictures Music and Twice As Nice Music; TOM WAITS, individually and doing business as Jalma Music; ANN WILSON, individually and doing business as Strange Euphoria Music and Skivvey-Shirt Song Service; and NANCY WILSON, individually and doing business as Know Music and Beatle Boots Music,<br><br>    Plaintiffs,<br><br>vs.<br><br>MP3.COM, INC., a Delaware corporation; and Does 1-10, inclusive,<br><br>    Defendants. | Case No.: CV 01-04160 CBM (RZx)<br><br>DECLARATION |

60008/405182.2

-11-

STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

## DECLARATION

The undersigned hereby declares under penalty of perjury that he (she) has read the Stipulation of Confidentiality and Protective Order (the "Order") entered in the United States District Court for Central District of California Western Division in the above-captioned action, understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any information made available to him (her) other than in strict compliance with the Order.

Dated:

_____
[Signature]

_____
[Type or Print Name]

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is that of **QUINN, EMANUEL, URQUHART & OLIVER,** located at **865 South Figueroa Street, Tenth Floor, Los Angeles, California 90017-2543**.

On **March 12, 2002,** I served the foregoing document described as **STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER (NEWMAN)** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**Bruce E. Van Dalsem, Esq.**
**Gradstein, Luskin & Van Dalsem**
12100 Wilshire Blvd., Ste. 350
Los Angeles, CA 90025

X   **BY MAIL**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X   FEDERAL
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

___   STATE
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 12, 2002, Los Angeles, California.

_____MONA JACKSON_____
Type or Print Name

_____
Signature